# ORIGINAL

AO 243 (Rev. 2/95)

## MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Eastern Michigan *Steeh /RSW* | |
|---|---|---|
| Name of Movant Issam Hassan Fawaz | Prisoner No. 29965-039 | Case No. 03-CR-80079-DT-07 |
| Place of Confinement Federal Correctional Institution Morgantown P.O. Box 1000, Morgantown, West Virginia 26507-1000 | | |

**04-75015**

| UNITED STATES OF AMERICA | V. Issam Hassan Fawaz (name under which convicted) |
|---|---|

MOTION GEORGE CARAM STEEH
MAGISTRATE JUDGE R. STEVEN WHALEN

1. Name and location of court which entered the judgment of conviction under attack
   **Theodore Levin U.S. Courthouse**
   **231 West Lafayette Blvd., Detroit, Michigan 48226**

2. Date of judgment of conviction **July 14th, 2004**

3. Length of sentence **15 months**

4. Nature of offense involved (all counts) **Conspiracy to Racketeer Influenced and Corrupt Organizations - 18 U.S.C. § 1962(d) - a Class C Felony**

## FILED

DEC 27 2004

CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐ **N/A**
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐   No ☒

(2)

AO 243   (Rev. 2/95)

9.   If you did appeal, answer the following:

(a) Name of court    N/A

(b) Result    N/A

(c) Date of result    N/A

10.   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
Yes ☐      No ☒

11.   If your answer to 10 was "yes," give the following information:

(a)  (1) Name of court    N/A

(2) Nature of proceeding    N/A

(3) Grounds raised    N/A

(4)  Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐      No ☐  N/A

(5) Result  N/A

(6) Date of result  N/A

(b) As to any second petition, application or motion give the same information:

(1) Name of court   N/A

(2) Name of proceeding   N/A

(3) Grounds raised   N/A

(3)

AO 243  ·  (Rev. 2/95)

(4)  Did you receive an evidentiary hearing on your petition, application or motion?
· Yes   ☐     No ☐  **N/A** · ·

(5) Result   **N/A**

(6) Date of result   **N/A**

(c)  Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1)  First petition, etc.          Yes ☐      No ☐   **N/A**
(2)  Second petition, etc.       Yes ☐      No ☐   **N/A**·

(d)  If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

**N/A**

12.    State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings.  Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any grounds which you have other than those listed.  However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

·    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts.  The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b)  Conviction obtained by use of coerced confession.

AO 243    (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one:



Supporting FACTS (state *briefly* without citing cases or law):
**See Attached Memorandum**



B. Ground two:



Supporting FACTS (state *briefly* without citing cases or law):
**See Attached Memorandum**



C. Ground three:



Supporting FACTS (state *briefly* without citing cases or law):
**See Attached Memorandum**

(5)

AO 243     (Rev. 2/95)

D.  Ground four:

Supporting FACTS (state *briefly* without citing cases or law):
**See attached memorandum**

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

**Ineffective assistance of counsel**

**Also, see attached memorandum**

14.  Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐      No ☒

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a)  At preliminary hearing   **Harold Gurewitz**
                              **333 West Fort St., 11th Floor**
                              **Detroit, Michigan 48226**

(b)  At arraignment and plea  **Harold Gurewitz**
                              **333 West Fort St., 11th Floor**
                              **Detroit, Michigan 48226**

(c)  At trial                 **N/A**

(d)  At sentencing            **Harold Gurewitz**
                              **333 West Fort St., 11th Floor**
                              **Detroit, Michigan 48226**

(6)

AO 243    (Rev. 2/95)

(e)  On appeal    **N/A**

(f)  In any post-conviction proceeding    **N/A**

(g)  On appeal from any adverse ruling in a post-conviction proceeding    **N/A**

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes  ☐    No ☒

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes  ☐    No ☒

(a)  If so, give name and location of court which imposed sentence to be served in the future:
**N/A**

(b)  Give date and length of the above sentence:  **N/A**

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐    No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_12-19-04_
Date

_____
Signature of Movant

Name_____ Title _____
12-19-04
Authorized by Act of July 7,1955
As Amended to Administer Oaths
(18 USC 4004)
BRENDA L. TUTTEN, CASE MANAGER

(7)

## BRIEF IN SUPPORT OF § 2255

Petitioner, Issam Fawaz, comes to this honorable Court with benefit of the aforementioned Habeas corpus styled § 2255 motion. In this Brief, in support thereof, Petitioner raises four (4) significant grounds as to establish reason for this  Court to uphold his motion and correct his sentence of fifteen (15) months imprisonment subscribed by this  court on July 14, 2004.

## GROUNDS

1. Ineffective assistance of counsel. See also, grounds two, three and four.

2. Heartland case:  Where the Petitioner's criminal conduct falls outside the propensity of the crimes committed by other members of the conspiracy, thus making his culpability minimal as compared to other members of the conspiracy.

3. The Government bargained in bad faith. The plea agreement between the Petitioner and the Government  allows for the Government to ask the court for a downward departure for the Petitioner under **U.S.S.G § 5K1.1**, for substantial assistance to authorities; the government failed to act upon this at sentencing nor has filed a motion under **Rule 35(b)**, for relief after  sentencing, this following Petitioner's rendering of substantial assistance to the FBI.

(1)

4. An extra-ordinary family problem exists while Petitioner
is incarcerated, thus qualifying Petitioner for a downward
departure under the **U.S.S.G. § 5K2.0.**

## Supporting facts for grounds one and two.

Petitioner's court appointed counsel failed, at sentencing,
to argue or advise Fawaz of his eligibility of a minimal role
downward departure. Fawaz was given a minor role departure following
the Pre-sentence Report and in advance of the sentencing hearing. The
Petitioner argues now before this Court that the offense of
conduct that he plead guilty to does not fit his culpability
in the conspiracy. While he admits to a minimal at best role
in the conspiracy, because of the definition of minimal participant,
**U.S.S.G. § 3B1.2,** the Petitioner offers the Court the following
facts as basis for his argument.

> **See subsection "the offense conduct" of the PSR, pages
> 9 and 10.**

a. In paragraph #26, Petitioner claims to have never supplied
credit cards to co-defendant **Nabil Ismail** as alleged.
The Petitioner also contests the amount of fraud being
at $150,000. The defendant's crime was to facilitate
the transaction of credit cards by the government's confidential
informer. Petitioner's benefit was to get a commission
for finding a customer for co-defendant **Nabil Ismail.**
Also, the government claims to finding credit cards at
co-defendant **Nabil Ismail's** apartment, which was shared

(2)

by Petitioner, was false. The cards found were not credit cards but some kind of Canadian Plastic Cards which admittedly were the property of Ismail. U.S.S.G. § 3B1.2(a), clearly states that to qualify for a minimal role, a defendant has to be one of the  least culpable role in the offense, see U.S. v. Padilla-Pena, 129 F.3d 457, 471 (8th Cir. 1997).

b.  In paragraph #22, Petitioner alleges as false, the  government's allegation that he  provided fraudulent credit cards to members of the conspiracy that were used on  a **national level**  of illegal conduct.

c.  In paragraph #24, Petitioner advises this Court that he did not sell fraudulent credit cards to **Mohamed Hariri** as alleged in the PSR.

d. In paragraph #25, consequently, fraudulent credit cards used by co-defendant **Mohamed Hariri** to purchase cigarettes in New York were not supplied by Petitioner.

While Petitioner cannot argue the government's overwhelming challenge to put together the facts surrounding the grand scheme of such a conspiracy, he offers that the government has overstated his level of culpability to this conspiracy. In turn, his counsel **Harold Gurewitz** advised him to plead to these charges because it would be in  his best interest. With  the  facts aforementioned, Petitioner asks the Court to reconsider his culpability in this conspiracy.  Petitioner offers U.S. v. Innamorah, 926 F.2d 490 (1st Cir.), where co-defendant **Thompson** it was found, "played

(3)

a limited role in the conspiracy," much like Petitioner did in the conspiracy. Thus, as in Innamorah - **Thompson** was awarded a three point downward departure for a role in that conspiracy, **U.S.S.G. § 2B1.2,** clearly states as an eligible criteria if one's culpability is determined between minor and minimal by the court. Also, in U.S. v. Soto, 132 Fed. 56 (U.S. Ct. of Appeals), found that **Soto's** defense counsel was ineffective for not bringing this (mitigating role) argument to court at sentencing and remanded her appeal back to the D.C. Circuit Court for further proceedings.

Petitioner also contends that he lacked the knowledge or understanding of the scope and structure of the enterprise, which makes him a minimal participant, see U.S. v. Mitchell, 31 F.3d 271, 278 (5th Cir 1994).

## Supporting facts for ground three.

As per the Petitioner's plea agreement, he was proffered by government FBI agents. Petitioner provided Federal Agents with information on co-defendants in this conspiracy as well as others not involved in the conspiracy. The Petitioner contends, after providing such information, the government failed to ask for a **§ 5K1.1,** downward departure at sentencing and his counsel **Harold Gurewitz** failed to raise the issue during his sentencing hearing. And too, the government has also failed to file a **Rule 35(b) motion,** on Petitioner's behalf based on the substantial assistance rendered to the government by Petitioner. An agent

(4)

responded to Petitioner's information by saying he didn't want to hear what Petitioner had to say if it didn't involve terrorism activities.  Petitioner was also referred to other federal agents to whom he also passed on information related to other illegal activities involving co-defendants and others. Petitioner advises the Court that the government has failed  to follow-up on information provided at the proffer interview, and at subsequent meetings and phone conversations.

After the petitioner provided information  on co-conspiritors (most of whom reached plea agreements with the government, and were awarded a downward departure per § 5K1.1) and others, the U.S. Attorney's Office having rendered Petitioner useless as a witness, failed to intervene on Petitioner's behalf, both at sentencing, by not seeking a § 5K1.1 downward departure and post sentencing, by not filing a **Rule 35(b) motion**  with the  court on the Petitioner's behalf. Hence, by not filing for relief on behalf of Petitioner, the  government  has acted in  bad faith per the plea agreement.

## Supporting  facts for ground four.

At sentencing, defense counsel  **Harold Gurewitz** failed to argue on Petitioner's behalf, for a **§5K2.0,** downward departure. Petitioner offers an extraordinary family hardship caused by his indictment, conviction and subsequent incarcerationn. The I.N.S. filed for a deportation hearing upon Petitioner's Wife, **Angi Bou-Khaled,** after his indictment. Being a Canadian citizen, she chose to return  to Canada with Petitioner's two-year old

(5)

daughter, **Chloe Fawaz**, an American citizen. Currently residing in Toronto, Canada, living on limited Canadian public assistance, Petitioner's family and family ties have been devastated.

## RELIEF REQUESTED

Now Petiioner comes before this honorable Court asking it to find cause to reduce his sentence that has not been awarded in concert with the laws of the United States of America, under § 2255. Being a naturalized citizen of the United States and especially of Arab descent in this time of heightened alert, has made the public in general and the Justice Department in particular, somewhat overzealous in dealing with crimes committed by individuals of Arabic descent. While admitting involvement in the conspiracy and subsequent acceptance of responsibility to this crime, Petitioner returns to this honorable Court seeking relief under the laws of the United States.

For the aforementioned grounds, Petitioner prays upon this honorable Court to uphold the § 2255 motion to correct his sentence by reducing it to six months and vacating the two years of supervised release.

I declare under penalty of perjury that the foregoing is true and correct.

On this the 19th day of December, 2004.

Name_____ Title _____  12-19-04

Authorized by Act of _____

As Amended to Act _____

(6)

Issam Hassan Fawaz

BRENDA L. FUTTEN, CASE MANAGER