

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ORIGINAL**

UNITED STATES OF AMERICA,

  Plaintiff-Respondent,   HON. GEORGE CARAM STEEH

             CRIMINAL NO. 03-80079

 -vs-         CIVIL NO. 04-75015

ISSAM FAWAZ,

  Defendant-Petitioner.

_____/

### THE UNITED STATES' COMBINED BRIEF AND RESPONSE IN OPPOSITION TO DEFENDANT'S SECTION 2255 MOTION

### Introduction

Defendant-Petitioner Issam Fawaz was charged with Conspiracy to Violate the Racketeer Influenced and Corrupt Organizations Act (RICO) in violation of Title 18, United States Code, Section 1962(d). He pleaded guilty as charged on March 9, 2004. This Court sentenced Fawaz, on July 14, 2004, to 15 months imprisonment, which was at the bottom of the applicable sentencing guideline range. Fawaz took no direct appeal of his conviction or sentence. Instead, on December 19, 2004, Mr. Fawaz filed a motion under 28 U.S.C. § 2255 to vacate his sentence. The motion should be denied for the following reasons.

**Argument**

Issam Fawaz's section 2255 motion should be dismissed without a consideration of the merits because he has failed to raise the issues about which he complains either at sentencing or on direct appeal. Accordingly, Mr. Fawaz is precluded from collaterally challenging the lawfulness of his sentence "absent a showing of cause to excuse [his] failure to appeal the issue and actual prejudice." Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993). Relief is procedurally barred when the petitioner fails to raise an issue at trial or on direct appeal unless he satisfies the "cause and prejudice" standard, i.e. he must demonstrate cause for his failure to object or raise the issue on direct appeal and he must show actual prejudice resulting from the claimed error before a court will even address the merits of the claim raised. United States v. Frady, 456 U.S. 152, 162-66 (1982). A petitioner must raise all appealable issues on direct appeal, and may not use § 2255 as a substitute for a direct appeal. See United States v. Timmreck, 441 U.S. 780, 783 (1979) (28 U.S.C. § 2255 motion shall not be permitted "to do service for an appeal"), quoting Sunal v. Large, 332 U.S. 174, 178 (1947); Scott v. United States, 997 F.2d 340, 342 (7th Cir. 1993) ("Persons who believe that district judges have not enforced all of their rights must appeal; having bypassed their opportunity they may not demand belated review.").

Issam Fawaz does not even acknowledge these impediments to his petition, let alone attempt to meet the cause and prejudice standard.   Independently of this problem, Fawaz has not raised an issue of sufficient magnitude to warrant consideration under section 2255.   Title 28, United States Code, Section 2255 provides a remedy only when:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

Section 2255, however, "does not encompass all claimed errors in conviction and sentencing." United States v. Addonizio, 442 U.S. 178, 185 (1978).  An error of law in sentencing must rise to the level of a "fundamental defect which inherently results in a complete miscarriage of justice" before section 2255 relief is appropriate.  Id.; Hill v. United States, 368 U.S. 424, 428 (1961); Mars v. United States, 615 F.2d 704, 706 (6th Cir. 1980).

Even if this Court were to consider the merits of Fawaz's claims notwithstanding the procedural impediments set forth above, he is entitled to no relief.  Fawaz has organized his petition in terms of four issues. The government's response to each of these issues follows.

## Ineffective Assistance of Counsel/ Minimal Role Reduction

Issam Fawaz contends that he should have been given a minimal role reduction under U.S. Sentencing Guideline § 3B1.2(a) instead of the minor role reduction he agreed to the in the Rule 11 Plea Agreement. Fawaz attempts to couch this argument in Sixth Amendment (ineffective assistance of counsel) terms. As the Sixth Circuit explained in Grant v. United States, 72 F.3d 503 (6th Cir. 1996), however:

> [N]onconstitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver. Given society's substantial interest in the finality of judgments, only the most serious defects in the trial process will merit relief outside of the normal appellate system.

Id. at 506; see also In re Sonshine, 132 F.3d 1133, 1135 (6th Cir. 1997)(couching non-cognizable issues in Sixth Amendment terms does not automatically cause them to be reviewable under section 2255).

To succeed on a true ineffective assistance of counsel claim, a defendant must show that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to establish that he was prejudiced within the meaning of Strickland, Mr. Fawaz must

4

demonstrate "that the decision reached would reasonably likely have been different absent the [alleged] errors." Id. at 696; Chandler v. Jones, 813 F.2d 773, 781 (6th Cir. 1987). In the context of a guilty plea, "'in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir. 1987)(quoting Hill v. Lockhart, 106 S. Ct. 366, 370 (1985)).

In none of the arguments, however, has Fawaz demonstrated that his attorney committed any errors within the meaning of Strickland, let alone errors that were prejudicial to his case. Nowhere does Fawaz even say that he would have rather proceeded to trial but did not do so because of errors committed by his attorney.

The fact of the matter is that Fawaz's attorney could not have argued for a minimal role reduction because Fawaz had already agreed in writing to a minor role reduction. The Rule 11 Plea Agreement Fawaz entered into with the government provided at paragraph 3(A) that, "[t]he attached worksheets represent the stipulation of the parties with respect to the sentencing guidelines provisions that they believe apply in this case (including any grounds for departure)." Had Mr. Gurewitz have done what Fawaz now contends he should have, Fawaz would have been in breach of the plea agreement.

Similarly, Fawaz's contention outside of his Sixth Amendment claim that he should simply be granted a minimal role reduction because his conduct warrants it should be denied for at least three independently sufficient reasons: 1) it is procedurally barred; 2) it is not of sufficient magnitude to be cognizable under section 2255; and 3) it is in violation of section 3(A) of the Rule 11 Plea Agreement.

## Substantial Assistance

Issam Fawaz also claims to have been cheated by the government out of a substantial assistance downward departure motion. But the government reserved complete discretion over whether and when to move for a downward departure at paragraph 5(A) of the Rule 11 Plea Agreement:

> It is exclusively within the government's discretion to determine whether defendant has provided substantial assistance. Upon the government's determination that defendant's cooperation amounts to substantial assistance in the investigation and prosecution of others, the government will either seek a downward departure at sentencing [] or a reduction of sentence pursuant to Fed. R. Crim.P. 35 . . . .

This type of agreement has been repeatedly upheld and enforced by the Sixth Circuit. In United States v. Epley, 52 F.3d 571 (6th Cir. 1995), for example, the Sixth Circuit enforced a plea agreement in which the government "reserved complete discretion over whether to request a downward departure." Id. at 580. That the government's

decision not to file a 5K motion is unreviewable after reserving complete discretion in the plea agreement, was reiterated in an unpublished decision out of this district, United States v. Ragozzino, 1997 WL 1488809 (6th Cir. 1997)(unpublished)(copy attached), wherein the plea agreement stated, "[t]he government reserves the right to make the sole determination as to whether and when defendant has provided substantial assistance."

Even if the exercise of the government's discretion not to file a downward departure motion were reviewable, Fawaz's claim is ridiculous on its face. He claims to have provided information relative to co-defendants deserving of a 5K motion. However, a cursory examination of the record reveals that thirteen people were indicted in this case. Two have never been apprehended. Of the remaining eleven, Fawaz was the last to plead guilty and agree to cooperate. By the time he did so, he obviously was not of assistance in helping to convict co-defendants who were already convicted. Nor was he responsible for the indictment of persons already indicted in the Second Superseding Indictment to which he pleaded guilty.

Furthermore, Fawaz's claim that the government failed to fully debrief him or follow up on leads he provided is virtually identical to the one advanced by Ragozzino and rejected by the Sixth Circuit:

> Ragozzino's argument that the government never attempted to obtain information from him directly is without merit, because the government's failure to debrief Ragozzino does not constitute a breach of the plea agreement. . . . Nothing in the plea agreement required the government to debrief Ragozzino;

United States v. Ragozzino, 1997 WL 1488809 (6th Cir. 1997)(unpublished).

## Unusual Family Circumstances

Finally, Fawaz claims that his sentence should be vacated and reduced because his family ties to his wife and child have been "devastated." Again, this is a matter that is not of constitutional dimension and, accordingly, not cognizable under section 2255. Fawaz's attempt to couch the argument in Sixth Amendment terms is also unavailing. Mr. Gurewitz could not have, as Fawaz contends he should have, moved for a downward departure because he and Mr. Fawaz promised not to do so at paragraph 3(A) of the Rule 11 Plea Agreement. Had Mr. Gurewitz moved for a downward departure, it would have caused Mr. Fawaz to have been in breach of the plea agreement, thus subjecting him to greater penalties, and may have been considered professional misconduct.

In any event, the fact that Mrs. Fawaz has chosen to self-deport herself to Canada is a circumstance that has already occurred and cannot be reversed by any

reduction in petitioner's sentence. His lack of ties to her and his child from prison is not materially different from every other incarcerated person.

## Conclusion

For all of the foregoing reasons, Issam Fawaz's section 2255 petition should be **DENIED**.

Respectfully submitted,

CRAIG S. MORFORD
United States Attorney

KENNETH R. CHADWELL
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9698

Dated: February 25, 2005

## CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing United States'

Combined Brief and Response in Opposition to Defendant's Section 2255 Motion

has this 25th day of February, 2005 been made upon defendant by placing same in

a stamped envelope and depositing said envelope in the United States mail

addressed as follows:

    Issam Fawaz, #29965-039.
    Federal Correctional Institution Morgantown
    P.O. Box 1000
    Morgantown, WV 26507-1000

          Darlene Secord
          United States Attorney's Office

110 F.3d 65 (Table)
110 F.3d 65 (Table), 1997 WL 148809 (6th Cir.(Mich.))
Unpublished Disposition
(Cite as: 110 F.3d 65, 1997 WL 148809 (6th Cir.(Mich.)))
H

Page 1

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony RAGOZZINO, Defendant-Appellant.
No. 94-2137.

March 31, 1997.

On Appeal from the United States District Court for the Eastern District of Michigan, No. 93-80860; George E. Woods, Judge.

E.D.Mich.

AFFIRMED.

Before: KENNEDY, KEITH and COLE, Circuit Judges.

PER CURIAM.

**1 Defendant-Appellant Anthony Ragozzino appeals the district court's sentence of 188 months' imprisonment imposed after his plea of guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Ragozzino challenges the district court's failure to review the government's decision not to move for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), as contemplated in the Rule 11 plea agreement. For the reasons that follow, we AFFIRM the sentence imposed by the district court.

I.

On August 19, 1993, Anthony Ragozzino ("Ragozzino"), a convicted felon, was found in possession of a loaded firearm during the execution of a search warrant at his residence in Detroit, Michigan. One week later, a federal grand jury returned an indictment against Ragozzino charging him, among other things, with being a felon in possession of a firearm. Thereafter, the government filed a notice identifying Ragozzino as an Armed Career Criminal, subject to the enhanced penalty required by 18 U.S.C. § 924(e) of a mandatory minimum sentence of fifteen years' incarceration.

Ragozzino entered into a Rule 11 plea agreement with the government whereby Ragozzino would plead guilty to the felon in possession charge in exchange for the dismissal of the remaining charges. The plea agreement limited Ragozzino's maximum exposure to 188 months' imprisonment, with the possibility of a downward departure and recommendation of 120 months' imprisonment if Ragozzino provided substantial assistance to the government. The plea agreement provided:

In addition to providing information and testifying, defendant will encourage Lynn Walker to fully, completely, and truthfully cooperate with the Bureau of Alcohol, Tobacco and Firearms relative to any knowledge she has about drug and firearm offenses....

... The government reserves the right to make the sole determination as to whether and when defendant has provided substantial assistance.

Plea Agreement, p. 5. The government reiterated its complete discretion to request a downward departure during Ragozzino's plea hearing.

On August 30, 1994, the district court sentenced Ragozzino to 188 months' imprisonment. The government declined to move for a downward departure, later stating that it believed that Ragozzino instructed Lynn Walker not to cooperate. Thereafter, Ragozzino moved the district court for an evidentiary hearing to clarify the record pursuant to Federal Rule of Appellate Procedure 10(e). Ragozzino requested the hearing in order to show that he was entitled to a motion for downward departure because of the assistance provided by Lynn Walker. Ragozzino alleged that the government's failure to file such a motion in light of Walker's assistance was a breach of the plea agreement, and a hearing was necessary to show that there was additional evidence that was not part of the record that clarified the parties' understanding of the effect of Walker's assistance on Ragozzino's

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

110 F.3d 65 (Table)                                                                                **Page 2**
(Cite as: 110 F.3d 65, 1997 WL 148809, **1 (6th Cir.(Mich.)))

right to a downward departure. Ragozzino also contended that the government never attempted to obtain information from Ragozzino directly.

**2 The district court denied Ragozzino's motion, holding that the government had sole discretion to determine whether to file a motion for downward departure based on substantial assistance. Thus, even if the parties had an informal agreement that Ragozzino's substantial assistance would include assistance provided by Walker, the government would maintain the right to refuse to bring a motion for downward departure based on Walker's assistance. Ragozzino now appeals the sentence imposed by the district court.

II.
A.

Although a decision not to file a § 5K1.1 motion is not insulated from all review, the burden rests on the petitioner to plead and prove that the government's decision was the result of a constitutionally suspect motivation. *Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Bagnoli*, 7 F.3d 90, 92 (6th Cir.1993) (citing *Wade* ). As we stated in *Bagnoli:*

It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive.... A defendant has a right to a hearing only if he makes a substantial threshold showing of an unconstitutional motive.

*Bagnoli*, 7 F.3d at 92 (citations omitted).

Ragozzino has made no claim that the government's failure to file a § 5K1.1 motion was based upon an unconstitutional motive; instead, Ragozzino argues that he provided substantial assistance through the information the government elicited from Lynn Walker. Ragozzino's allegations of cooperation are insufficient to warrant a remedy or even a hearing under *Wade* and *Bagnoli*. Ragozzino has failed to make a threshold showing that the government was motivated by unconstitutional considerations when it decided not to move for downward departure. Accordingly, Ragozzino's claims in this regard are without merit.

B.

Ragozzino also argues that the government's failure

to move for a downward departure constituted a breach of the Rule 11 plea agreement. When the government fails to fulfill the terms of a plea agreement, an unsatisfied defendant may seek specific performance. *Santobello v. New York*, 404 U.S. 257, 262-63 (1971). However, in the present case, Ragozzino presented no evidence that the government breached the plea agreement; the fact that the government chose not file a § 5K1.1 motion did not amount to such a breach.

The government retains **complete discretion** to determine whether a § 5K1.1 motion is warranted. *United States v. Epley*, 52 F.3d 571, 580 (6th Cir.1995). Ragozzino was aware of the **complete discretion** possessed by the government as evidenced in the plea agreement and the transcript of the plea hearing. Thus, Ragozzino's claim that the government breached the plea agreement is wholly without merit.

Further, Ragozzino's allegations of agreements made outside of the written plea agreement do not change this conclusion. [FN1] As noted by the district court, even if the parties' had an understanding that Ragozzino would be credited with whatever assistance that Walker provided, the government maintained sole discretion to determine if Walker's assistance warranted a motion for downward departure.

> FN1. We are not entirely clear regarding Ragozzino's claim that the agreement concerning Walker's assistance was outside of the written plea agreement; the written plea agreement clearly contemplated that Ragozzino's assistance included encouraging Walker to cooperate.

**3 Finally, Ragozzino's argument that the government never attempted to obtain information from him directly is without merit, because the government's failure to debrief Ragozzino does not constitute a breach of the plea agreement. The plea agreement stated that Ragozzino agreed to provide truthful information; if that cooperation amounted to substantial assistance, Ragozzino would be entitled to a motion for a downward departure. Nothing in the plea agreement required the government to debrief Ragozzino; in fact, the provision in the plea agreement referring to Lynn Walker would seem to indicate that the government envisioned Ragozzino's assistance in the form of obtaining Walker's cooperation. Accordingly, the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

110 F.3d 65 (Table)                                                      **Page 3**
(Cite as: 110 F.3d 65, 1997 WL 148809, **3 (6th Cir.(Mich.)))

government's decision not to debrief Ragozzino does not amount to a breach of the plea agreement.

III.

For the reasons stated above, we hereby AFFIRM the sentence imposed by the district court.

110 F.3d 65 (Table), 1997 WL 148809 (6th Cir.(Mich.)), Unpublished Disposition

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.