UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

ISSAM HASSAN FAWAZ,

          Plaintiff,

Civil Case #04-CV-75015-DT

Crim. Case # 03-CR-80079-07-DT

vs.

HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

          Defendant.

_____/

## PLAINTIFF FAWAZ'S RESPONSE TO GOVERNMENT'S BRIEF

On october 25, 2001, Petitioner Fawaz was arrested in Detroit and was served with a criminal complaint from Tampa Florida, charged with "trafficking in one or more counterfeit access devices, U.S.C §1029 (a)(1) and (b)(1) "[see PSR page 14, under OTHER ARREST]. Charges were dismisses without prejudice on 01/31/02. This incident span out the arrest of co-defendant Nabil Ismail, who was arrested in Tampa, Florida area attempting with another individual to sell fraudulent credit cards.

Almost a year later after the above mentioned charges were dismissed, Petitioner Fawaz was arrested on Jan, 2003 in Boston, MA, charged with U.S.C §1962(d)-conspiracy to RICO, a class C felony (see first indictment). Petitioner was assigned a court appointed attorney Harold Gurewitz. Petitioner Fawaz was offered a plea agreement which he was vehemently oppose to signing. Government afterward re-indicted petitioner Fawaz, adding two counts of "access device fraud (U.S.C §1029)." Both counts refer to the overt acts mentioned in the initial indictment which according to the government constituted the conspiracy to RICO. Petitioner was offered again by the government the same plea agreement as previously presented, which petitioner Fawaz was again reluctant to sign. Petitioner tried to negotiate a plea agreement with the government through his attorney on the lesser charge (U.S.C §1029), to which the government response was that the Justice Department would not accept pleas (in cases of multiple charges) but will plea to the severest charge.

Only days prior to the cut-off date (March 9, 2004), and under the advise of counsel, Fawaz then decided to accept and signed the plea agreement on March 9, 2004. Petitioner was offered a mitigating role as a minor participant in the plea agreement. Petitioner's counsel however, failed to advise petitioner of his possible eligibility for a minimal participant role, and also failed to negotiate that option with the government, which constitutes as counsel's performance may have been deficient.

The government argues that petitioner is not eligible for a §5K1.1 downward departure and cites an unpublished case, US vs. Roganni (6th cir. 2004), which the petitioner contends that it's distinguishable from the present case for two reasons:

(1) In Roganni, defendant was never debriefed, whereas defendant Fawaz was debriefed and provided substantial information regarding individuals involved in illegal activities (see page one of unpublished case attached to government's brief).

(2) The government in Roganni determined that defendant did not assist and did contrary to what the government had asked him to do (see right column, page two of governments brief in the unpublished case).

However, in the case of petitioner Fawaz, the government seems to rely on the fact that its at their discretion to grant §5K1.1 and the petitioner's request for it is "ludicrous at its face." Petitioner Fawaz again alleges, his counsel's performance to be deficient because counsel failed to ask the court for downward departure (§5K1.1) at sentencing, which was prejudicial, see United States vs. Castro, 26 F3d 557, 560 (5th cir. 1994) ("A deprivation of an opportunity to have a sentencing court discretion in a defendant's favor can constitute ineffective assistance of counsel."); United States vs. Golden, 854 F2d 31, 32 (3d cir. 1988) (same). Furthermore, the petitioner's counsel did not object and challenge all inaccuracies in the PSR; see United States vs. Stevens, 851 F2d. 140, 145 (6th cir. 1988) (failure to challenge inaccuracies in presentence report could constitute deficient performance); United States vs. Rone, 743 F2d 1169, 1173 n.2 (7th cir. 1984) (same).

Finally, petitioner was given a two years supervised release, with conditions that petitioner cannot incur new charges or open additional line of credit, the petitioner shall provide financial information when requested, and pay any balance owing in assessment and fines. But U.S.S.G §5D1.3(d)(2) states that the above conditions apply when defendants have to pay restitution and/or a fine pursuant to an installment schedule. Since Fawaz have paid all assessment fees and fines, petitioner asks the court to vacate the above conditions. More importantly, petitioner's wife was deported/self-deported to Canada and

2

she's not permitted entry into the US, and petitioner is not permitted to leave his district; such an iniquity is very "unreasonable", which is contrary to US. vs. Booker, 543 U.S--, 160 L.Ed.2d 621, 125 S. ct.738 (2005), which has a second opinion making the U.S Federal Sentencing Guidelines "advisory" and judges have the discretion to give "reasonalbe" sentences [and do not have to abide by the guidelines].   Co-defendants Nabil Ismail (DT-08) and Ali Mohamed Akhdar (DT-02) were both sentenced to one year and one day. Considering the above mentioned co-defendant's relevant conduct to that of the petitioner's, it is also very unreasonable for Fawaz to be sentenced to 15 months.

For the aforementioned reasons, the petitioner humbly request that he court reduce his sentence to what is deemed "reasonable" and to vacate his supervised release.

I Declare under Penalties of Perjury that the information above is true and correct. (S.F)

Signed this 12th day of _____March_____, 2005 (S.F)

_____
Petitioner's Signature

3