**CLOSED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APR 11
CLE.
U.S. DIS
EASTER

ISSAM FAWAZ,

Petitioner,

FILED
APR 1 1 2005
CLERK'S OFFICE
DETROIT

vs.

Case No. 04-CV-75015
HON. GEORGE CARAM STEEH
Crim. No. 03-CR-80079

UNITED STATES OF AMERICA,

Respondent.

_____/

## ORDER DISMISSING § 2255 PETITION (#253), AND DENYING CERTIFICATE OF APPEALABILITY

Issam Fawaz filed a 28 U.S.C. § 2255 motion on December 27, 2004, seeking relief from his July 14, 2004 sentence of 15 months imprisonment, 2 years supervised release, a $5,000.00 fine, and a $100.00 assessment, following his plea-based conviction for conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d). The facts and legal arguments presented in the parties' briefs are sufficient to adjudicate the motion. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Petitioner Fawaz moves for relief under § 2255 arguing: (1) he should have been sentenced as having minimal involvement in the illegal conspiracy, and as a case outside the heartland of the Sentencing Guidelines; (2) the Government bargained in bad faith for his Rule 11 Plea Agreement by refusing to ask for a downward departure under U.S.S.G. § 5K1.1 based on substantial assistance petitioner provided to the FBI and other authorities; (3) he should have been granted a downward departure under U.S.S.G. §

5K2.0 due to the substantial family problem that his wife returned to Canada after deportation proceedings were filed against her following petitioner's indictment, and; (4) ineffective assistance of counsel for failing to raise grounds 1-3 at sentencing, and failing to object to inaccuracies in petitioner's Presentence Report ("PSR"). Petitioner further argues that certain conditions of his supervised release – that he not incur new charges or open new lines of credit, and that he provide financial information upon request and pay any balance owing in assessments and fines – are inapplicable under U.S.S.G. § 5D1.3(d)(2) because he has paid his $5,000.00 fine and $100.00 assessment. Petitioner further asserts that the condition that he not leave the Eastern District of Michigan is unreasonable considering his wife cannot legally return to the United States, and that his 15-month sentence is unreasonable in comparison to the year-and-a-day sentences imposed upon his co-conspirators Nabil Ismail and Ali Akhdar.

Petitioner did not appeal his sentence, and now raises nonconstitutional sentencing challenges coupled with a claim of ineffective assistance of counsel. Nonconstitutional errors not raised on direct appeal, such as mistakes in the application of sentencing guidelines, are waived for collateral review under § 2255 unless the claims were forfeited as the result of ineffective assistance of counsel, in which case § 2255 relief is available subject to the two-part standard of Strickland v. Washington, 466 U.S. 668, 694 (1984): whether counsel committed errors so serious as to fall below the objective standard of reasonableness required by the Sixth Amendment, and; whether counsel's deficient performance prejudiced the defendant. See Grant v. United States, 72 F.3d 503, 505-6 (6th Cir. 1996), cert. denied, 517 U.S. 1200 (1996). To demonstrate requisite prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at

694. Where the underlying conviction is based upon a guilty plea, as here, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir. 1987) (quoting Hill v. Lockhart, 106 S.Ct. 366, 370 (1985)). Absent a showing of ineffective assistance of counsel, asserted nonconsitutional errors are reviewable under § 2255 only if they were "committed in a context that is so positively outrageous as to indicate a complete miscarriage of justice" resulting in a deprivation of due process. Grant, 72 F.3d at 506 (internal quotation omitted).

Petitioner Fawaz is not entitled to relief under § 2255. Fawaz cannot prove a sentencing error, let alone a sentencing error that resulted from ineffective assistance of his defense counsel.

Fawaz's assertion that he should have been granted a downward departure as a minimal participant in the RICO conspiracy is without merit.

> In distinguishing between minimal and minor participation, the sentencing guidelines commentary cautions the court that "the downward adjustment for a minimal participant will be used infrequently." U.S.S.G. § 3B1.2, comment. (n. 2). A downward adjustment is appropriate, for example, in the case of a one-time participant who plays a small role in "a very large drug smuggling operation," such as "offload[ing] part of a single marihuana shipment" or making a solitary delivery of a "small amount of drugs." Id. In such instances, "the defendant's lack of knowledge or understanding of the scope and structure of the enterprise" justifies the downward adjustment. Id. at (n. 1). A minor participant, on the other hand, is "any participant who is less culpable than most other participants, but whose role could not be described as minimal." Id. at (n. 3).

United States v. Cochran, 14 F.3d 1128, 1131 (6th Cir. 1994). Fawaz's counsel *successfully* moved for a "minor participant" downward departure. Contrary to Fawaz's argument, he clearly was not a one-time participant ignorant of the RICO conspiracy involving the illegal purchase and sale of untaxed cigarettes. On more than one occasion,

Fawaz possessed, sold, or attempted to sell fraudulent credit cards for the purpose of furthering the criminal enterprise, under circumstances demonstrating he was aware of the RICO conspiracy. Id.

Fawaz's assertion that his crime falls outside the heartland of the Sentencing Guidelines is simply conclusionary. Fawaz's argument that he was entitled to downward departures based on substantial assistance he provided to the Government and his wife's self-deportation to Canada, are also, at best, conclusionary, and unsupported by sufficient legal authority or record evidence. Further, a district court's denial of a request for downward departure is reviewable only if the district court incorrectly believed it lacked discretion to depart downward. United States v. Coleman, 188 F.3d 354, 357 (6th Cir.1999) (en banc ). Recognizing the discretion to grant such departures, Fawaz has failed to demonstrate even a possibility that this court would have granted additional downward departures based on his case being outside the heartland of the Sentencing Guidelines, substantial assistance he alone maintains he provided to the Government[1], or the self-deportation of his wife to Canada. Fawaz's arguments regarding unrealized downward departures fails to articulate a cognizable error, either by his counsel or this court.

Fawaz's assertions of erroneous supervised release conditions are likewise without merit. The supervised release conditions that Fawaz not incur new charges or open new

---

[1]    The Government adamantly opposes Fawaz's assertion that he provided substantial assistance, noting that Fawaz was the last of 11 co-conspirators to plead guilty. two remain at-large. Further, the Government reserved discretion in Fawaz's plea-agreement to determine whether Fawaz had provided substantial assistance. Fawaz has failed to proffer evidence or reasonable argument that the Government was otherwise motivated by unconstitutional considerations when refusing to seek a downward departure based on substantial assistance. See United States v. Ragozzino, No. 94-2137, 1997 WL 148809, at **2 (6th Cir. Mar. 31, 1997).

4

lines of credit without the approval of the Probation Department, that he provide the Probation Department with financial information upon request and pay any balance owing in assessments and fines, and that he not leave the judicial district without the permission of the court or Probation Department, are each authorized by federal law. See 18 U.S.C. §§ 3583(d)(3), 3563(b)(14, 22). These conditions are also related to the dual goals of Fawaz's rehabilitation, and the protection of the public. United States v. Kingsley, 241 F.3d 828, 835 (6th Cir. 2001). Fawaz has not demonstrated "extreme circumstances" for setting aside one or more of these conditions. Id.

Fawaz's argument that his 15-month sentence is unreasonable in light of the year-and-a-day sentences imposed upon Nabil Ismail and Ali Akhdar is, once again, conclusionary. The argument also conspicuously fails to assert that his 15 month sentence falls outside the maximum of his sentencing range. Indeed, the court imposed the minimal sentence under the 15 to 21 month calculated guideline range. Fawaz makes no showing of a factual error in his PSR, let alone an error that would change the guideline range if corrected.

In conclusion, the court finds that Fawaz has failed to demonstrate a sentencing error, an error by his defense counsel, much less that correction of any error made by the court or defense counsel would result in a different sentence, or Fawaz's withdrawal of his plea and insistence upon a trial. Strickland, 466 U.S. at 694; Grant, 72 F.3d at 505-6; Thomas, 818 F.2d at 480. No error was committed, and there was no miscarriage of justice. Grant, 72 F.3d at 506. Fawaz's § 2255 petition lacks any merit, and accordingly,

Fawaz's petition for relief under § 2255 is hereby DENIED, and his petition DISMISSED. Before petitioner may appeal this court's decision, a certificate of appealability must issue. 28 U.S.C. §2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate

of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Petitioner has made no such showing. Accordingly, a certificate of appealability is also hereby DENIED.

       SO ORDERED.

GEORGE CARAM STEEH
United States District Judge

Dated: **APR 1 1 2005**
Detroit, Michigan.

PURSUANT TO RULE 77(d), FRCivP
COPIES HAVE BEEN MAILED TO:

Jason Taylor
Kenneth Chadwell

ON **APR 1 1 2005**

DEPUTY COURT CLERK

6