UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                    Criminal No. 03-80079

    -vs-                              Hon. George Caram Steeh

D-6 MOHAMAD ABDULAMIR DAHER,

                Defendant.

_____/

### THE UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF PROBATION

**Background**

On February 4, 2003, defendant Mohamad Daher was arrested on an Indictment charging him with Conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(d), in connection with a contraband cigarette smuggling organization.  Daher pleaded guilty to the conspiracy on March 9, 2004, pursuant to a Rule 11 Plea Agreement.  On August 18, 2004, this Court sentenced Daher to 3 years probation, with special conditions that he serve 150 days in a community corrections center plus another 90 days home confinement, and $60,000 in restitution.   The Judgment and Commitment Order was docketed on August 26, 2004. On October 8, 2008, Mohamad Daher filed a motion to "Modify

Conditions of Probation" requesting that this Court wipe away his restitution balance and declare it to have been satisfied by Daher's payment of $2,400.

## Discussion

Mohamad Daher's motion should be denied for at least three independently sufficient reasons.  First, no authority exists permitting this Court to modify the judgment at this late hour.  Federal Rule of Criminal Procedure 35(a) permits correction of a sentence within seven days of sentencing.

Second, even the time for filing a petition under 28 U.S.C. § 2255 has expired.  Should Daher's motion be construed as being brought under section 2255, this Court would be required to deny the motion as untimely because it was not filed within the one year statute of limitations for filing such motions.  The Anti-Terrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2255 by adding a requirement that section 2255 motions be filed within one year after the judgment of conviction becomes final.  See, e.g., Hyatt v. United States, 207 F.3d 831, 832 (6th Cir. 2000).  The judgment of conviction was entered and docketed in this case on August 26, 2004.  Daher did not file his motion until more than four years later on October 8, 2008.

Third, Congress made clear in the Victim and Witness Protection Act of 1982 that restitution is "an independent term of the sentence of conviction, without regard

2

to whether incarceration, probation, or supervised release were ordered." United

States v. Webb, 30 F.3d 687, 690 (6th Cir. 1994).  As the legislative history explained:

> The principle of restitution is an integral part of virtually
> every formal system of criminal justice, of every culture
> and every time.  It holds that, whatever else the sanctioning
> power of society does to punish its wrongdoers, it should
> also insure that the wrongdoer is required to the degree
> possible to restore the victim to his or her prior state of
> well-being.

S. Rep. No. 532, 97th Cong., 2nd Sess. 30, *reprinted in* U.S.C.A.N. 2515, 2536, quoted

in Webb, 30 F.3d at 690.  The mere fact that Daher's restitution obligation was also

made a condition of his probation did not change the fact that restitution is an

independent part of his sentence, Webb, 30 F.3d at 690, which survives Daher's term

of probation and may not now be altered.

## Conclusion

For all of the foregoing reasons, Mohamad Daher's Motion to Modify Conditions of Probation should be denied.

Respectfully submitted,

TERRENCE BERG
Acting United States Attorney


s/KENNETH R. CHADWELL
Assistant U.S. Attorney
United States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI  48226
 (313) 226-9698
Kenneth.chadwell@usdoj.gov
P39121

s/BARBARA L. MCQUADE
United States Attorney's Office


Dated: November 4, 2008

## **CERTIFICATE OF SERVICE**

I certify that on November 04, 2008, the foregoing document was served on all parties or their counsel of record through the CM/ECF System if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.


Mr. Morris H. Goodman
goodmandet@comcast.net

*s/Stacey A. Harris*
Stacey A. Harris, Senior Legal Assistant
U.S. Attorney's Office

Dated: November 04, 2008