UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

             Plaintiff,                        Criminal No. 03-80079

     -vs-                             Hon. George Caram Steeh

D-6 MOHAMAD ABDULAMIR DAHER,

             Defendant.

_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
SECOND MOTION TO MODIFY CONDITIONS OF PROBATION**

**Background**

On February 4, 2003, defendant Mohamad Daher was arrested on an Indictment charging him with Conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(d), in connection with a contraband cigarette smuggling organization.  Daher pleaded guilty to the conspiracy on March 9, 2004, pursuant to a Rule 11 Plea Agreement.  On August 18, 2004, this Court sentenced Daher to 3 years probation, with special conditions that he serve 150 days in a community corrections center plus another 90 days home confinement, and $60,000 in restitution.  The Judgment and Commitment Order was docketed on August 26, 2004.  On October 8, 2008, Mohamad Daher filed a motion to "Modify

Conditions of Probation" requesting that this Court wipe away his restitution balance and declare it to have been satisfied by Daher's payment of $2,400. (Doc. # 263) On November 5, 2008, this Court entered an order denying Daher's motion. (Doc. # 267) On September 17, 2010, Daher filed a virtually identical motion, this time entitled "Motion to Declare Restitution by Defendant Mohamad Daher to be Satisfied." The motion was double filed (Doc. #s 268 & 269) with two different briefs and, curiously, dated August 3, 2010.

## Discussion

Mohamad Daher's motion should be denied for at least three independently sufficient reasons. First, no authority exists permitting this Court to modify the judgment at this late hour. Federal Rule of Criminal Procedure 35(a) permits correction of a sentence within seven days of sentencing.

Second, even the time for filing a petition under 28 U.S.C. § 2255 has expired. Should Daher's motion be construed as being brought under section 2255, this Court would be required to deny the motion as untimely because it was not filed within the one year statute of limitations for filing such motions. The Anti-Terrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2255 by adding a requirement that section 2255 motions be filed within one year after the judgment of conviction becomes final. See, e.g., Hyatt v. United States, 207 F.3d 831, 832 (6th Cir.

2000).  The judgment of conviction was entered and docketed in this case on August 26, 2004.  Daher did not file his motion until more than six years later on September 17, 2010.

Third, Congress made clear in the Victim and Witness Protection Act of 1982 that restitution is "an independent term of the sentence of conviction, without regard to whether incarceration, probation, or supervised release were ordered."  United States v. Webb, 30 F.3d 687, 690 (6th Cir. 1994).  As the legislative history explained:

> The principle of restitution is an integral part of virtually every formal system of criminal justice, of every culture and every time.  It holds that, whatever else the sanctioning power of society does to punish its wrongdoers, it should also insure that the wrongdoer is required to the degree possible to restore the victim to his or her prior state of well-being.

S. Rep. No. 532, 97th Cong., 2nd Sess. 30, *reprinted in* U.S.C.A.N. 2515, 2536, quoted in Webb, 30 F.3d at 690.  The mere fact that Daher's restitution obligation was also made a condition of his probation did not change the fact that restitution is an independent part of his sentence, Webb, 30 F.3d at 690, which survives Daher's term of probation and may not now be altered.

Interestingly, when Daher filed his first motion in 2008, he had only paid $2,400 of his $60,000 restitution balance.  According to Daher that payment had

increased by $9,233.50 to $11,633.50.[1]  However, $8,537 of this amount had to be seized from his 2009 income tax refund, rather than voluntarily paid.  Further, it appears that Daher, while paying only $25 monthly[2] on his restitution, has incurred legal fees which could have gone towards his restitution balance. This type of approach to one's restitution should not be encouraged by this Court.

### Conclusion

For all of the foregoing reasons, Mohamad Daher's Motion to Declare Restitution to be Satisfied should be denied.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney

s/Kenneth R. Chadwell
Kenneth R. Chadwell (P39121)

Dated: September 22, 2010

Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan  48226
313-226-9100
ken.chadwell@usdoj.gov

---

[1]  More accurately, only $8,521 was applied to Daher's restitution balance from the $9,233.50 income tax offset due to administrative costs of the offset.

[2]  Daher incorrectly states in his motion that he is paying $50 monthly.  In fact he is currently paying $25 per month.  By paying only $25 per month, Daher's restitution balance is increasing, not decreasing, because the interest on the outstanding restitution balance is accruing at $92.40 per month.

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2010, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following via electronic mail:

Morris H. Goodman, Esq.

s/Kenneth R. Chadwell
Kenneth R. Chadwell (P39121)
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan  48226
313-226-9698
ken.chadwell@usdoj.gov